# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL RAY THOMAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-450-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for supplemental security income benefits. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). Both parties have briefed their respective positions, and thus, the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his application for supplemental security income benefits on October 25, 2007, alleging an inability to work since October 25, 2007, as a result of his

mental illness stemming from bipolar disorder, paranoia, anxiety, and racing thoughts.[1] Tr. 11, 96-99, 136, 140. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 47, 49, 54-57, 63-65. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on April 27, 2009. Tr. 18-45, 68-69. Plaintiff appeared in person with his attorney and offered testimony in support of his application. Tr. 20, 22-37, 40-41. A vocational expert also testified at the request of the administrative law judge. Tr. 38-40, 42-44, 92. The administrative law judge issued her decision on June 11, 2009, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was not entitled to benefits. Tr. 8-10, 11-17. The Appeals Council denied Plaintiff's request for review on February 26, 2010, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1-3.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. Tr. 12-13. She first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of October 25, 2007. Tr. 13. At steps two and three, the administrative law judge determined that Plaintiff suffers from substance addiction disorder, depression, and

---

[1] Plaintiff originally listed his disability onset date as January 1, 1992, but that date was amended to October 25, 2007, at the administrative hearing. Tr. 21-22. Plaintiff also filed an application for disability insurance benefits but in effect withdrew that application at the administrative hearing as the amended alleged onset date was after the date he was last insured. Tr. 11, 13, 22, 100-02. The administrative law judge dismissed that application. Tr. 13. Plaintiff does not appeal that dismissal.

anxiety, all of which are severe, but not severe enough to meet or equal the criteria of any listed impairment or combination of impairments. Tr. 13-15. She also noted that Plaintiff had a tongue lesion, hypertension, gout and was obese but that the evidence did not show that these significantly interfered with his ability to work. Tr. 14. The administrative law judge next assessed Plaintiff's residual functional capacity (RFC), finding that Plaintiff had no exertional limitations but that he had the following nonexertional limitations: inability to understand, remember, or carry out detailed or complex job instructions and limited abilities for relating to coworkers and the general public. Tr. 15. Thus, she found that Plaintiff was able to perform simple routine work and he could deal with coworkers and the general public on a superficial basis. Tr. 15. Based on this RFC and the testimony of the vocational expert, the administrative law judge determined at step four that Plaintiff can perform his past relevant work of dishwasher and cleaner. Tr. 17. Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 17.

### III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[2] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence.

---

[2]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

> Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.
>
> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks and brackets omitted). To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. § 416.920. The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education , and work experience. Williams, 844 F.2d at 751.

## IV. DISCUSSION

Plaintiff challenges the administrative law judge's RFC determination that he could interact superficially with the general public, claiming that it is less restrictive than state agency physician Dr. Elizabeth Chiang's assessment that he must avoid all contact with the general public. Plaintiff's Opening Brief, 3, 10. He argues that the administrative law judge erred in failing to articulate specific reasons for finding him less restricted in working with

4

the general public than Dr. Chiang found. Plaintiff's Opening Brief, 11. He also argues that the administrative law judge erred in relying on the vocational expert's testimony that he could perform his past work of dishwasher and cleaner because the hypothetical question understated his ability to work with the general public. Plaintiff's Opening Brief, 11. The Commissioner responds that the administrative law judge's RFC encompassed Dr. Chiang's findings and that the "slight divergence in wording" on Plaintiff's ability to deal with the public does not mean that the administrative law judge disregarded her opinion. Commissioner's Brief, 5, 6. Alternatively, the Commissioner argues that no remand is necessary because, among other things, any error on the administrative law judge's part was harmless. Commissioner's Response Brief, 6-7. Lastly, the Commissioner argues that the administrative law judge posed a proper hypothetical to the vocational expert and therefore the administrative law judge properly relied upon his testimony. Commissioner's Brief, 7-9.

The undersigned tends to agree with the Commissioner that the administrative law judge's RFC encompassed Dr. Chiang's findings and there was only a "slight divergence in wording." The administrative law judge stated that the state agency physician found that Plaintiff was capable of relating to others for work purposes and she agreed with their findings. Tr. 14. She then stated that her RFC assessment was supported by the record as a whole including from the opinion evidence. Tr. 17.

However, after a thorough review of the record and the administrative law judge's opinion, the undersigned finds that even assuming the administrative law judge erred in finding Plaintiff capable of dealing with the general public on a superficial basis, that error

5

was harmless error because Plaintiff has failed to carry his burden of showing that a reasonable administrative fact finder employing the correct analysis would have found him unable to perform his past relevant work. See Armijo v. Astrue, No. 09-1305, 385 Fed. Appx. 789, 792 (10th Cir. June 16, 2010) ("We may apply harmless error in the social security context 'where, based on material the [administrative law judge] did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004))); Castine v. Astrue, No. 08-1381, 334 Fed. Appx. 175, 179 (10th Cir. June 26, 2009) ("The case before us, however, was decided at step four of the sequential analysis, where '[t]he burden is on the claimant to show that her impairment renders her unable to perform [her past relevant] work . . . .'" (alterations in original) (quoting Henrie v. U.S. Department of Health & Human Services, 13 F.3d 359, 360 (10th Cir. 1993))).[3]

In the summary conclusions section of the mental RFC assessment, Dr. Chiang rated Plaintiff with moderate limitations in the following areas: his ability to understand, remember, and carry out detailed instructions; his ability to work in coordination with and proximity to others without being distracted by them; his ability to interact appropriately with the general public; his ability to accept instructions and respond appropriately to criticism from supervisors; and his ability to get long with coworkers or peers without distracting them

---

[3]These and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

or exhibiting behavioral extremes. Tr. 288-89. In all other areas, she found that he was not significantly limited or there was no evidence of any limitations. Tr. 288-89. In the functional capacity assessment section of the mental RFC assessment, she stated that Plaintiff could perform simple, routine tasks and could relate to others for work purposes but that he should avoid working with the general public. Tr. 290.

In making her RFC finding, the administrative law judge considered the mental RFC assessment prepared by Dr. Chiang, and her finding agreed in all aspects with Dr. Chiang's assessment of Plaintiff's functional capacity except regarding the extent of Plaintiff's ability to interact with the general public. Tr. 14, 17. Specifically, the administrative law judge found that Plaintiff was unable to understand, remember, and carry out detailed or complex job instructions and had limited abilities in relating to coworkers and the general public such that he could perform simple routine work and could deal with coworkers and the general public on a superficial basis. Tr. 15.

Additionally, at the administrative hearing, the administrative law judge asked the vocational expert the following hypothetical question which mirrored her RFC finding:

> Please assume we have a hypothetical individual the same age as the claimant, same education, and the same work history just described. This hypothetical individual . . . doesn't have any physical restrictions that the Court has found. He has some non-exertional restrictions so he has moderate difficulty in understanding and remembering complex instructions and orders and carrying them out. He can do simple work with routine supervision. He has moderate problem and should not have anything [more] than superficial contact with the public and co-workers.

7

Tr. 42. In response to this hypothetical, the vocational expert testified that such a person could perform Plaintiff's past work of dishwasher and cleaner but that all other past work would be precluded. Tr. 42.

Assuming that the administrative law judge's determination that Plaintiff could interact superficially with the general public conflicted with Dr. Chiang's finding that Plaintiff must avoid contact with the public, Plaintiff is correct that the administrative law judge erred in failing to explain that conflict. See Ramirez v. Astrue, No. 06-2068, 255 Fed. Appx. 327, 332 (10th Cir. Nov. 20, 2007) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." (quoting Social Security Ruling 96-8p, 1996 WL 374184, at *7)). The administrative law judge only noted that she had considered the opinion evidence and that her RFC assessment was supported by the record. Tr. 17. This would not be enough to satisfy her duty to explain her opinion. Nevertheless, the undersigned finds that the administrative law judge's error, if any, was harmless.

Other than as stated below, Plaintiff does not allege that the administrative law judge erred at step four in evaluating his ability to return to his past work. He also does not contend that he is unable to perform work as a dishwasher or cleaner nor does he contend that such work requires contact with the general public and the undersigned would be surprised if he did allege this. Instead, he claims that the vocational expert's testimony that he could perform his past work in the above areas could not serve as substantial evidence because the hypothetical understated his ability to work with the general public. In support, he cites to

Hargis v. Sullivan, 945 F.2d 1482 (10th Cir. 1991), and he points to the vocational expert's testimony in response to a hypothetical presented by his attorney. Plaintiff's Opening Brief, 11. Neither argument is availing.

Hargis was decided at step five, where the administrative law judge bears the burden of proof. Hargis, 945 F.2d at 1486. Thus, it is not applicable here because this case was decided at step four where Plaintiff bore the burden to show that he could no longer return to his past work.

Additionally, the vocational expert's testimony in response to the hypothetical question posed by Plaintiff's attorney at the administrative hearing does not mandate a different result. Plaintiff's attorney provided the vocational expert with the following hypothetical:

> Let's assume moderate limitation on understanding and remembering detailed instructions and carrying out detailed instructions. Moderate restrictions also on working [in] coordination with [or proximity] to others without being distracted by them. Moderate restriction also on interacting with the general public. Moderate restriction on ability to accept instructions and respond appropriately to criticism from supervisors. And moderate restriction on the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes.

Tr. 43. In response, the vocational expert testified that while such a person could perform Plaintiff's past work, the combination of those impairments could rise to the level where that person would not be able to maintain employment. Tr. 43-44. However, the hypothetical presented by Plaintiff's attorney does not show that a reasonable administrative factfinder would have found Plaintiff unable to return to his past work as a dishwasher or cleaner had

9

it been found that he must avoid contact with the general public. First, the hypothetical by Plaintiff's attorney agreed with the administrative law judge's hypothetical and RFC finding in that both hypotheticals and the RFC finding assessed Plaintiff with a moderate restriction in his ability to interact with the general public. Additionally, Plaintiff's attorney added restrictions to his hypothetical from the summary conclusions section, not the functional capacity assessment section, of the mental RFC assessment prepared by Dr. Chiang. See Tr. 288-89. However, the Social Security's Program Operations Manual System states that the summary conclusions section "<u>is merely a worksheet</u> to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and <u>does not constitute the RFC assessment</u>. DI 24510.060(B)(2)(a). The Program Operations Manual System then goes on to state that the functional capacity assessment section "is for recording the mental RFC determination. It is in this section that the <u>actual mental RFC assessment is recorded</u>, explaining the conclusions indicated in [the summary conclusions section], in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." DI 24510.060(B)(4)(a). The Court must defer to the Program Operations Manual System unless it is arbitrary, capricious, or contrary to law. <u>Ramey v. Reinertson</u>, 268 F.3d 955, 964 n.2 (10th Cir. 2001). Thus, the hypothetical question presented by Plaintiff's attorney did not accurately reflect the limitations found by Dr. Chiang in her mental RFC assessment or the RFC found by the administrative law judge. For these reasons, the undersigned finds that Plaintiff has failed to carry his burden of showing that he could not perform his past work as a dishwasher and cleaner. Accordingly, the undersigned finds that

regardless of whether the administrative law judge erred in finding that Plaintiff could have superficial contact with the general public, that error was harmless as Plaintiff can perform his past relevant work of dishwasher and cleaner.

### **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by June 16, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 27th day of May, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE